UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES S. ARMSTRONG III ET AL.                CIVIL ACTION

VERSUS                                       NO: 18-9977

MARRIOT HOTEL SERVICES INC. ET AL.           SECTION: "H"

**ORDER AND REASONS**

The Court now examines subject matter jurisdiction *sua sponte*. Plaintiffs have failed to adequately plead diversity jurisdiction in their Complaint. Accordingly, Plaintiffs shall amend their Complaint to correct this jurisdictional defect within 20 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under § 1332 require, *inter alia*,

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

[2] *See* 28 U.S.C. § 1332.

complete diversity of citizenship.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

For purposes of diversity jurisdiction,"[t]he citizenship of a limited partnership is based upon the citizenship of each of its partners."[5] Accordingly, the party invoking federal jurisdiction must list the citizenship of each member of a limited partnership to properly allege diversity of jurisdiction.[6] A corporation is deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business.[7] Thus, "[i]n cases involving corporations, allegations of citizenship *must* set forth the state of incorporation as well as the principal place of business for each corporation."[8] A party's citizenship "cannot be established argumentatively or by mere inference."[9]

---

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[5] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

[6] Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc., No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC, No. 12–0149, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged." (citations omitted)); Toney v. Knauf Gips KG, No. 12–638, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member]." (internal footnote and citations omitted)).

[7] *See* 28 U.S.C. § 1332(c)(1).

[8] *Getty Oil*, 841 F.2d at 1259 (emphasis added) (citation omitted).

[9] Illinois Cent. Gulf R.R. Co., v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks and footnote omitted).

In their Complaint, Plaintiffs refer to one Defendant as HMC Hotel Properties II Limited Partnership ("HMC"). They then state that HMC is a corporation. Plaintiffs do not properly plead the citizenship of HMC regardless of its status as a limited partnership or corporation, failing to list its members or its principal place of business. Accordingly, the Court cannot determine the citizenship of Defendant HMC and therefore cannot determine whether it has jurisdiction.

Likewise, Plaintiffs fail to allege the principal place of business of Defendant Marriott Hotel Services Inc., merely stating that it is a Delaware corporation. Accordingly, the Court cannot determine the citizenship of Defendant Marriot Hotel Services Inc. and therefore cannot determine whether it has jurisdiction.

Plaintiff's failure to properly allege citizenship is not fatal.[10] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[11] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[12] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no

---

[10] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[11] *Id.* at 888.
[12] *Id.*

suggestion in the record that it does not in fact exist.'"[13]  The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present.  Accordingly, Plaintiffs are granted leave to amend their Complaint to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have failed to adequately allege diversity of citizenship.  Plaintiff s are granted leave to amend their Complaint within 20 days from the entry of this Order.  Failure to file timely an amended notice will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana, on this 29th day of October, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).